ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Jan-16  12:40:33
60CV-26-903
C06D12 : 10 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**ERRON HAYES**                                                                 **PLAINTIFF**

v.                                      **CASE NO: _____**

**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY**                                               **DEFENDANT**

## COMPLAINT

COMES NOW the Plaintiff, Erron Hayes, by and through his attorneys, The Law Offices of Miller and Mallett, and for their cause of actions against the Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), states as follows:

## STATEMENT OF THE CASE

1.      This action arises from a motor vehicle collision on June 13, 2023, on Interstate 440 in Little Rock, Pulaski County, Arkansas, and from Allstate's subsequent failure to honor uninsured motorist (UM) benefits owed under Plaintiff's automobile insurance policy.

2.      Plaintiff asserts claims for breach of contract and tortious bad faith against Allstate based on its refusal to pay UM benefits; Allstate has made no settlement offers and is refusing to pay, contending that Plaintiff is solely responsible for the incident, despite liability and damages evidence indicating otherwise.

## THE PARTIES

3.      Plaintiff Erron Hayes is an adult resident of Pulaski County, Arkansas.

4.      Allstate Property and Casualty Insurance Company ("Allstate") conducts insurance business in Arkansas and is registered to do business in the State of Arkansas. It may be served through its agent for service of process at CT Corporation System, 320 S. Izard Street, Little Rock, AR 72201.

## JUSRISDICTION AND VENUE

5.      Venue is proper in Pulaski County according to Ark. Code Ann. § 16-60-101(a)(3)(A) because Plaintiff resided in Pulaski County at the time of the collision and the events giving rise to the action occurred there.

6.      This Court has personal and subject matter jurisdiction because Plaintiff is a Pulaski County resident, Defendant Allstate conducted business within the State of Arkansas and the amount in controversy exceeds the statutory minimums for the Circuit Court of Pulaski County, as well as, federal court jurisdictional minimums.

## FACTUAL ALLEGATIONS

7.      On June 13, 2023, at approximately 2:46 p.m., Plaintiff was traveling eastbound on Interstate 440 in the left lane of travel in a red 2022 Chevrolet Silverado 1500.

8.      An unidentified driver of a white truck pulled up alongside Plaintiff in the middle lane. Suddenly and without warning the unidentified driver tried to merge into Plaintiff's lane of travel.

9.      The unidentified vehicle struck the side of Plaintiff's truck, leaving white scrapes along his passenger side, which caused Plaintiff to quickly hit his brakes and forced him off the left side of the roadway. Plaintiff struck the concrete barrier, ricocheted off the barrier, crossed all lanes of travel, and left the roadway on the right side. Plaintiff was finally able to regain control of his vehicle and get it stopped before the tree-line on the right side of Interstate 440.

10.     Meanwhile, the unidentified vehicle pulled into the left lane and continued driving.

11.     At the same time and place, Ms. Melissa Twaddle was also traveling East on I-440 and witnessed the collision.  She called 911 and has provided a sworn affidavit of these events, attached hereto as Exhibit A.

12.     The unknown motorist left the scene and has not been identified, rendering that motorist and vehicle uninsured for purposes of Plaintiff's uninsured insurance coverage.

13.     As a direct result of the uninsured driver's negligence, Plaintiff's airbags deployed, his vehicle sustained disabling damage, and his vehicle was towed from the scene. Plaintiff was transported by MEMS to Baptist Health Medical Center—North Little Rock with injuries later confirmed to include a left acromioclavicular (AC) joint separation and closed head injury, necessitating surgical repair of the AC joint on June 21, 2023, and subsequent therapy and care. Plaintiff also had additional injuries, which included carpal tunnel and injections to his cervical spine.

14.     At all relevant times, Plaintiff was a named insured under an automobile insurance policy issued by Allstate Property and Casualty Insurance Company to Terra Hayes and Erron Hayes, policy number 821 904 255, which provided Uninsured Motorist coverage up to the limit of $250,000.00 per person at the time of the June 13, 2023 collision. See Policy Declarations Page, attached hereto as Exhibit B.

15.     Plaintiff made an Uninsured Motorist claim with Allstate under Claim Number 0717497423 arising from the June 13, 2023 collision.

16.     Plaintiff submitted a demand for Mr. Hayes's policy limits from Allstate under the uninsured insurance policy on May 19, 2025 and even alerted Allstate in the demand that there

were witnesses to the collision to corroborate Mr. Hayes's version of events. See Demand, attached hereto as Exhibit C.

17.    Notwithstanding clear evidence that Mr. Hayes was struck and forced off the road by another vehicle, Allstate denied Mr. Hayes's claims insisting he "lost control of his vehicle after slamming on his brakes" and that "[t]here was no direct physical contact with the other unknown vehicle". See Denial, attached hereto as Exhibit D.

18.    Upon information and belief, Allstate never made any attempts to identify, locate, or contact any witnesses to the collision and disregarded the statements by their own insured, Mr. Hayes.

## I.    UNINSURED MOTORIST CLAIM AND BREACH OF CONTRACT

### A.    Uninsured Motorist Claim and Unidentified Driver's Negligence

19.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20.    At the time of the collision, Plaintiff had an automobile insurance policy with Allstate providing coverage including uninsured motorist coverage with limits of $250,000 per person.

21.    Plaintiff sustained injuries as the result of a collision caused by an unidentified driver on June 13, 2023. The unidentified driver did not stop after the collision and has not been found or identified.

22.    At all relevant times, Mr. Hayes operated his vehicle in a safe and prudent manner.

23.    The unidentified driver had a duty to act reasonably, use due care while driving, keep his vehicle under control, pay attention to traffic, to maintain a proper lookout, to yield to

other vehicles with the right of way, to obey the law and rules of the State of Arkansas, and to pay full attention to the operation of his vehicle to avoid a collision.

24.     The unidentified driver breached this duty by:

    a.   Failing to drive safely and with due care;

    b.   Failing to keep his vehicle under control;

    c.   Failing to pay attention to traffic;

    d.   Failing to maintain a proper lookout;

    e.   Failing to yield to other vehicles with the right of way;

    f.   Failing obey the law and rules of the State of Arkansas; and

    g.   Failing to pay full attention to the operation of his vehicle to avoid a collision.

25.     The unidentified driver's negligence was the proximate cause of Plaintiff's injuries by causing the collision.

26.     As a direct and proximate cause of the unidentified driver's negligence, Plaintiff sustained damages, which included bodily injury that required medical attention.

27.     Plaintiff Hayes made a demand for policy limits upon Allstate through the uninsured insurance coverage which was activated when the other driver was unknown and unidentifiable.

28.     Allstate had a duty to pay Plaintiff his uninsured policy benefits consistent with Plaintiff's damages that were submitted to them.

29.     There was ample evidence to support Mr. Hayes's claims including Plaintiff's statements, witness statements, and video and photographs of the scene and Mr. Hayes's vehicle.

30.     Despite demand with supporting evidence, Allstate failed and refused to pay Mr. Hayes's demand and has breached its contractual policy of insurance with Mr. Hayes by not paying the uninsured insurance benefits to which he is entitled.

**B.   <u>Duties Owed By Allstate</u>**

31.     Allstate owes a duty to Hayes and others to treat its policyholders' interests with at least equal consideration as it does its own interests.

32.     Allstate owes a duty to Hayes and others to objectively evaluate all claims based on all available evidence, and not just the evidence Allstate believes to support its position.

33.     Allstate owes a duty to Hayes and others under Arkansas law to act in good faith and deal fairly with its policyholders in performing Allstate's obligations owed under insurance policies.

34.     Allstate owes a duty to Hayes and others under Arkansas law to avoid preventing, hindering, or delaying the performance of its obligations owed to its policyholders.

35.     Allstate owes a duty to Hayes and others to conduct a full, fair, and prompt investigation of a claim at its own expense.

36.     Allstate owes a duty to Hayes and others to fully, fairly, and promptly evaluate claims.

37.     Allstate owes a duty to Hayes and others to educate its auto claims adjusters about the nature, extent, and permanency of injuries capable of being caused by motor vehicle collisions.

38.     Allstate owes a duty to Hayes and others to ensure its auto claims adjusters have current knowledge about medical and scientific research regarding the diagnosis and treatment of motor vehicle collision injuries.

39.     Allstate owes a duty to Hayes and others to avoid denying or underpaying a claim or any part of a claim based upon speculation or insufficient, biased, faulty, invalid, or unreliable information.

40.     Allstate owes a duty to Hayes and others not to misrepresent facts or policy provisions.

41.     Allstate owes a duty to Hayes and others not to make unreasonably low settlement offers.

42.     If there is a full or partial claim denial, Allstate owes a duty to Hayes and others to give a written explanation pointing to facts and policy provisions supporting that denial.

43.     Allstate owes a duty to Hayes and others to adhere to Arkansas law.

44.     Allstate owes a duty to Hayes and others to adhere to the rules and regulations of the Arkansas Insurance Department.

45.     Allstate owes a duty to Hayes and others to give a prompt and forthright explanation to each claimant regarding the company's position with respect to a claim.

46.     Allstate must give the benefit of the doubt to its insured when making claims decisions.

47.     Allstate owes a duty to Hayes and others to reevaluate claims as new information is developed, including but not limited to discovery responses after lawsuits are filed.

48.     Failure to discharge these duties and obligations in good faith constitutes intentionally dishonest, oppressive, and/or malicious conduct designed to avoid a just obligation to Allstate's policyholders.

49.     There is no good faith defense to Allstate's actions, and these actions were not the result of an honest error in judgment.

C. **Breach of Contract**

50.     Plaintiff incorporates the preceding paragraphs.

51.     Allstate issued an automobile insurance policy providing coverage for bodily injuries sustained by Plaintiff caused by a collision arising out of the use of a motor vehicle by an uninsured motorist; the policy was active at the time of the collision.

52.     Plaintiff paid, and Allstate accepted, premiums for uninsured motorist coverage with limits of $250,000.00 per person, $500,000.00 per accident.

53.     Plaintiff made demand for benefits arising out of the uninsured motorist collision.

54.     Allstate willfully relied on unsubstantiated information and speculation regarding the events of Mr. Hayes's collision to deny his claims.

55.     Allstate refused to consider evidence supporting Plaintiff's injuries and refused to pay a reasonable amount owed under the uninsured motorist provisions, breaching the policy.

56.     Allstate refused to pay and denied Mr. Hayes's claims under the uninsured motorist insurance policy.

57.     Allstate's course of conduct was designed to prevent, hinder, and/or delay performance of its uninsured motorist policy obligations, evidencing a breach of their contract with Mr. Hayes.

58.     As a result of Allstate's breach of contract, Plaintiff seeks judgment for uninsured motorist policy benefits totaling $250,000.00, plus statutory reasonable attorney's fees, costs, interest, and the twelve percent (12%) penalty as provided by Ark. Code Ann. § 23-79-208; all costs expended by Plaintiff herein; and all other proper relief to which Plaintiff may be entitled.

## II.    BAD FAITH CLAIM

59.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

60.    Plaintiff claims Defendant Allstate acted in bad faith in investigating and ultimately denying his claims for uninsured motorist coverage.

61.    Allstate was provided Mr. Hayes's version of events and was also aware of witnesses. Allstate had access to the same information as Plaintiff when evaluating Plaintiff's claims for uninsured motorist coverage including 911 calls, photographs of Mr. Hayes's vehicle, and police dash and body cam footage.

62.    Mr. Hayes was injured in this collision and Allstate's refusal to pay his claims has caused him financial strain.

63.    Allstate refused to make any settlement offer and denied payment while assigning Plaintiff fault.

64.    Allstate's actions in making this denial and failure to proper investigate and evaluate this claim indicates bad faith on their part in an attempt to avoid liability under the uninsured motorist policy issued to Plaintiff.

65.    As a result of Allstate's bad faith, Mr. Hayes has sustained damages.

66.    Allstate's intentional conduct was dishonest, oppressive, and/or malicious, designed to avoid a just obligation owed to Plaintiff. Because of the facts of this case and that a great deal of evidence rests solely in the possession of Allstate, Plaintiff pleads these allegations generally.

### AMOUNT OF DAMAGES

67.    Plaintiff incorporates the preceding paragraphs.

68.    Plaintiff is entitled to recover damages proximately caused by the uninsured motorist's negligence, including: medical expenses (and transportation and prescription costs); bodily injury damages including nature, extent, duration, and aggravation of pre-existing

conditions; property damage; lost wages; and pain, suffering, and mental anguish, past and future.

69.     Plaintiff is entitled to the uninsured motorist policy benefits totaling $250,000.00, plus statutory reasonable attorney's fees, costs, interest, and a twelve percent (12%) penalty.

70.     Punitive damages are warranted to punish and deter Allstate's intentional conduct and/or conscious indifference resulting in injury to policyholders, including Plaintiff.

71.     Allstate's conduct showed indifference to Plaintiff's health and safety and inflicted economic injury through affirmative acts of bad faith toward a financially vulnerable insured.

## **JURY DEMAND**

72.     Plaintiff demands a jury trial.

WHEREORE, Plaintiff Erron Hayes respectfully requests judgment against Defendant Allstate for breach of contract, uninsured motorist claims, and bad faith; along with attorney's fees, case costs, pre-judgment interests, post-judgment interest and statutory twelve (12) percent penalty; all costs expended by Plaintiff herein and all other just and proper relief to which he may be entitled.

Respectfully Submitted,

/s/ Paige Edgin
Paige Edgin, ABN 2012240
THE LAW OFFICES OF PETER MILLER
1601 S. Broadway St.
Little Rock, AR 72206
(501) 374-6300  Phone
(501) 907-0661  Fax
pedgin@petermillerlaw.com

# UNIFORM COVER PAGE
## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**ERRON HAYES**                                                                    **PLAINTIFF**

**v.**                                              **CASE NO:** _____

**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY**                                            **DEFENDANT**


TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):              Exhibit A – Affidavit of Witness


\*Administrative Order No 2.
    (g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for
filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or
for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part
number and number of parts (example, part 1 of 2).
    (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-
mark requirement, the document must include the uniform cover page developed by the Administrative Office of the
Courts and found under Forms and Publications at www.arcourts.gov.

## AFFIDAVIT

I, Melissa Twaddle, state as follows:

1.      I am an adult of sound mind and have not been offered any compensation or inducement to make this statement. I reside in Pulaski County at 1400 East Twin Lakes Drive, Little Rock, AR 72205.

2.      I was traveling on Interstate 440 in North Little Rock on June 13, 2023, when I witnessed a motor vehicle collision.

3.      I was traveling eastbound in the middle lane at the time of the collision.

4.      I witnessed a red truck pass me on my left and, at roughly the same time, a white truck, driving very quickly and aggressively pass me on my right.

5.      After the white truck passed me on the right, they swerved in the middle lane and then immediately tried to swerve into the left lane and into the red truck.

6.      As the red truck quickly hit their brakes, the white truck swerved directly in front of them and the red truck was forced off the roadway to the left.

7.      The white truck then drove off in the left lane.

8.      I saw the red truck strike the concrete barrier, then ricochet across the interstate and run off the road on the right side to the tree line.

9.      I called 911 and waited for police to arrive; however, they took no written statement from me.

10.     I do not know Erron Hayes nor am I acquainted with him in any way.

_____                    _____
Signature                                          Date

Exhibit
A

NOTARY

State of Arkansas
County of Pulaski

On this 29th day of _____October_____, 2025, personally appeared Melissa
Twaddle, satisfactorily proven to be the person whose name is subscribed to within this
instrument and acknowledged that she executed the same for the purposes therein
contained.

In witness whereof I hereunto set my hand and official seal.

_Bethany Suzanne Murray_
Notary Signature

My Commission Expires: _3/10/34_

BETHANY SUZANNE MURRAY
Notary Public-Arkansas
Pulaski County
My Commission Expires 03-10-2034
Commission # 12397766

# UNIFORM COVER PAGE
## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**ERRON HAYES**                                                                    **PLAINTIFF**

**v.**                                    **CASE NO:** _____

**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY**                                              **DEFENDANT**

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):                    Exhibit B – Policy Declarations Page

★Administrative Order No 2.
     (g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).
     (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

# Renewal auto policy declarations

Your policy effective date is April 28, 2023



Platinum   Gold   Standard   Value Plan



Page **1** of 6

## Total Premium for the Policy Period

Please review your insured vehicles and verify their VINs are correct.

| Vehicles covered | Identification Number (VIN) | Premium |
|---|---|---|
| 2016 Dodge Charger | 2C3CDXCT3GH127514 | $791.83 |
| 2008 Chevrolet Impala | 2G1WB58K389164411 | 312.40 |
| 2022 Chevy Trk Silv1500 4wd | 1GCUDEED6NZ507714 | 877.27 |

Additional coverages

| | |
|---|---|
| **If you pay in installments*** | **$1,981.50** |
| **If you pay in full (includes FullPay® Discount)** | **$1,806.32** |

*** Your bill will be mailed separately. Before making a payment, please refer to your latest bill, which includes payment options and installment fee information. If you do not pay in full, you will be charged an installment fee(s).**

## Discounts (included in your total premium)

| | | | |
|---|---|---|---|
| Allstate Easy Pay Plan | **$82.07** | Safe Driving Club® | **$641.63** |
| Multiple Policy | **$254.17** | Responsible Payer | **$238.93** |
| Early Signing | **$212.67** | Homeowner | **$140.86** |
| Preferred Package | **$56.74** | Allstate eSmart® | **$173.23** |
| Passive Restraint | **$30.91** | Antilock Brakes | **$127.24** |
| Electronic Stability Control | **$108.12** | New Car | **$176.76** |

| **Total discounts** | **$2,243.33** |
|---|---|

| **Policy discounts** | | | **$1,800.30** |
|---|---|---|---|
| Allstate Easy Pay Plan | $82.07 | Early Signing | $212.67 |
| Safe Driving Club® | $641.63 | Homeowner | $140.86 |
| Multiple Policy | $254.17 | Preferred Package | $56.74 |
| Responsible Payer | $238.93 | Allstate eSmart® | $173.23 |

| **2016 Dodge Charger discounts** | | | **$96.16** |
|---|---|---|---|
| Passive Restraint | $11.87 | Antilock Brakes | $45.68 |
| Electronic Stability Control | $38.61 | | |

| **2008 Chevrolet Impala discounts** | | | **$49.35** |
|---|---|---|---|
| Passive Restraint | $12.15 | Antilock Brakes | $22.18 |
| Electronic Stability Control | $15.02 | | |

*(continued)*

Information as of March 16, 2023

## Summary

Named Insured(s)
**Terra Hayes, Erron Hayes**
Mailing address
**2328 Middleton Dr**
**North Little Rock AR 72116-6337**

Policy number
**821 904 255**

Your policy provided by
**Allstate Property and Casualty Insurance Company**
Policy period
Beginning **April 28, 2023** through
**October 28, 2023** at 12:01 a.m. standard time

Your Allstate agency is
**Ck Agency**
6213 Father Tribou1B
Little Rock AR 72205-3002
(501) 221-3000
kayleecreed@allstate.com

Some or all of the information on your Policy Declarations is used in the rating of your policy or it could affect your eligibility for certain coverages. Please notify us immediately if you believe that any information on your Policy Declarations is incorrect. We will make corrections once you have notified us, and any resulting rate adjustments, will be made only for the current policy period or for future policy periods. Please also notify us immediately if you believe any coverages are not listed or are inaccurately listed.

Exhibit B

AR0101R8D



Renewal auto policy declarations

Policy number: **821 904 255**
Policy effective date:    April 28, 2023

| **2022 Chevy Trk Silv1500 4wd discounts** | | | **$297.52** |
|---|---|---|---|
| Passive Restraint | $6.89 | Antilock Brakes | $59.38 |
| New Car | $176.76 | Electronic Stability Control | $54.49 |

## Surcharge (included in your total premium)

| | |
|---|---|
| Minor Violation | $190.94 |
| • Incident on 08/26/2020 | |
| **Total surcharges** | **$190.94** |

### Listed drivers on your policy*

**Terra Hayes** - Married female driver, age 51, Safe Driving Club
**Erron Hayes** - Married male driver, age 50, Safe Driving Club

*Are there licensed drivers not listed above who either reside in your household (even if temporarily away from home) or are guests staying in your home for an extended period? If so, please contact us so your policy information and coverage is up to date. There are circumstances under which a loss may not be covered by this policy because the auto was being operated by someone residing at your house who is not listed on the policy. Additional detail about how we treat undisclosed drivers can be found in your policy.*

### Excluded drivers from your policy

None

AR0100RBD

065 010 003
230316A000371
AUTR45AR20230316224806Q1A-000371-004-0-00-00

Renewal auto policy declarations
Policy number: **821 904 255**
Policy effective date: April 28, 2023

Page **3** of 6

 Allstate.

## Coverage detail for 2016 Dodge Charger

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $330.02 |
| • Bodily Injury | $250,000 each person $500,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | Actual cash value | $500 | $213.71 |
| Auto Comprehensive Insurance | Actual cash value | $500 | $111.00 |
| Collision for Custom Equipment | **Not purchased*** | | |
| Comprehensive for Custom Equipment | **Not purchased*** | | |
| Roadside Coverage | $100 each disablement | Not applicable | $7.98 |
| Transportation Expense | up to $30 per day for a maximum of 30 days | Not applicable | $26.05 |
| Underinsured Motorists Insurance for Bodily Injury | $250,000 each person $500,000 each accident | Not applicable | $53.60 |
| Uninsured Motorists Insurance | | | $21.76 |
| • Bodily Injury | $250,000 each person $500,000 each accident | Not applicable | |
| • Property Damage | $25,000 each accident | $200 | |
| Accidental Death Benefits* | $15,000 each person | Not applicable | $3.05 |
| Auto Replacement Protection | **Not purchased*** | | |
| Income Disability Benefits * (each person) | | Not applicable | $2.77 |
| • Essential Services Expenses | $70 per week | | |
| • Wage Loss Benefits | 70% of income up to a maximum of $300 per week | | |
| Medical and Hospital Benefits* | $5,000 each person | Not applicable | $21.89 |
| • Funeral Services | $5,000 each person | | |
| Portable Electronics and Media | **Not purchased*** | | |
| Sound System | **Not purchased*** | | |
| **Total premium for 2016 Dodge Charger** | | | **$791.83** |

**\* This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

***Note:** Subject to time limitations set forth in the endorsement or policy*

**VIN** 2C3CDXCT3GH127514

**Rating information**
• This vehicle is driven a maximum of 7,500 miles per year

**Lienholder**
Chrysler Capital

AR010RBD



Renewal auto policy declarations
Policy number:          **821 904 255**
Policy effective date:     April 28, 2023

## Coverage detail for 2008 Chevrolet Impala

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $199.62 |
| • Bodily Injury | $250,000 each person<br>$500,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | **Not purchased*** | | |
| Auto Comprehensive Insurance | **Not purchased*** | | |
| Collision for Custom Equipment | **Not purchased*** | | |
| Comprehensive for Custom Equipment | **Not purchased*** | | |
| Roadside Coverage | $100 each disablement | Not applicable | $7.98 |
| Transportation Expense | **Not purchased*** | | |
| Underinsured Motorists Insurance for Bodily Injury | $250,000 each person<br>$500,000 each accident | Not applicable | $51.92 |
| Uninsured Motorists Insurance | | | $24.50 |
| • Bodily Injury | $250,000 each person<br>$500,000 each accident | Not applicable | |
| • Property Damage | $25,000 each accident | $200 | |
| Accidental Death Benefits* | $15,000 each person | Not applicable | $2.44 |
| Auto Replacement Protection | **Not purchased*** | | |
| Income Disability Benefits * (each person) | | Not applicable | $2.38 |
| • Essential Services Expenses | $70 per week | | |
| • Wage Loss Benefits | 70% of income up to a maximum of $300 per week | | |
| Medical and Hospital Benefits* | $5,000 each person | Not applicable | $23.56 |
| • Funeral Services | $5,000 each person | | |
| Portable Electronics and Media | **Not purchased*** | | |
| Sound System | **Not purchased*** | | |
| **Total premium for 2008 Chevrolet Impala** | | | **$312.40** |

**\* This coverage can provide you with valuable protection.  To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**\*Note:** Subject to time limitations set forth in the endorsement or policy

**VIN** 2G1WB58K389164411

**Rating information**
• This vehicle is driven a maximum of 7,500 miles per year

AR010R8D

065 010 003
230316A000371
AUTR45AR202303I622480601A-000371-005-0-00-00

Renewal auto policy declarations
Policy number:  | 821 904 255 |
Policy effective date:    April 28, 2023

Page **5** of 6

 **Allstate.**

## Coverage detail for 2022 Chevy Trk Silv1500 4wd

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $136.16 |
| • Bodily Injury | $250,000 each person<br>$500,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | Actual cash value | $500 | $375.05 |
| Auto Comprehensive Insurance | Actual cash value | $500 | $240.37 |
| Collision for Custom Equipment | **Not purchased\*** | | |
| Comprehensive for Custom Equipment | **Not purchased\*** | | |
| Roadside Coverage | $100 each disablement | Not applicable | $7.98 |
| Transportation Expense | up to $30 per day for a maximum of 30 days | Not applicable | $26.05 |
| Underinsured Motorists Insurance for Bodily Injury | $250,000 each person<br>$500,000 each accident | Not applicable | $32.76 |
| Uninsured Motorists Insurance | | | $13.55 |
| • Bodily Injury | $250,000 each person<br>$500,000 each accident | Not applicable | |
| • Property Damage | $25,000 each accident | $200 | |
| Accidental Death Benefits\* | $15,000 each person | Not applicable | $2.44 |
| Auto Replacement Protection | | Not applicable | $29.27 |
| Income Disability Benefits \* (each person) | | Not applicable | $2.38 |
| • Essential Services Expenses | $70 per week | | |
| • Wage Loss Benefits | 70% of income up to a maximum of $300 per week | | |
| Medical and Hospital Benefits\* | $5,000 each person | Not applicable | $11.26 |
| • Funeral Services | $5,000 each person | | |
| Portable Electronics and Media | **Not purchased\*** | | |
| Sound System | **Not purchased\*** | | |
| **Total premium for 2022 Chevy Trk Silv1500 4wd** | | | **$877.27** |

**\* This coverage can provide you with valuable protection.  To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**\*Note:** *Subject to time limitations set forth in the endorsement or policy*

**VIN** 1GCUDEED6NZ507714

**Lienholder**
Td Auto Finance

**Rating information**
• This vehicle is driven over 7,500 miles per year

AR010RBD



Renewal auto policy declarations
Policy number:           **821 904 255**
Policy effective date:    April 28, 2023

# Additional coverage

The following policy coverage is also provided.

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Death Indemnity Insurance | $10,000 benefit | Not applicable | Included |
| **Total** | | | **$0.00** |

# Your policy documents

Your automobile policy consists of this Policy Declarations and the documents in the following list. Please keep these together.

- Allstate Auto Policy – ACR65
- Claim Satisfaction Guarantee Amendatory Endorsement – AP4878-2
- Auto Replacement Protection Amendatory Endorsement – ACR2
- AR Amendatory Endorsement – ACR302

- AR Bundling Benefits Endorsement – ACR304
- AR Uninsured Motorists Insurance and Underinsured Motorists Insurance – ACR305
- AR Medical and Hospital Benefits, Accidental Death Benefits, and Income Disability Benefits Endorsement – ACR306
- Automobile Death Indemnity Insurance – Coverage CM – ACR307

**Allstate Property and Casualty Insurance Company's** Secretary and President have signed this policy with legal authority at Northbrook, Illinois.

*William Hill*

William Hill
President

*Susan L Lees*

Susan L. Lees
Secretary

AR010RBD

065 010 003
230316A000371
AUTR45AR202303162480601A-000371-006-0-00-00

# UNIFORM COVER PAGE
## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**ERRON HAYES**                                                   **PLAINTIFF**

**v.**                              **CASE NO:** _____

**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY**                              **DEFENDANT**

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):          Exhibit C – Demand

★Administrative Order No 2.
    (g) *File Mark*. (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).
    (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.



# MILLER MALLETT

1601 Broadway Street
Little Rock, AR 72206
Tel: 501-374-6300
Fax: 501-374-1244
Petermillerlaw.com

May 19, 2025

**PLEASE REPLY DIRECTLY TO SENDER**

Moniquie Briseno
Allstate Insurance

SENT VIA EMAIL:  claims@claims.allstate.com

RE:    Our Clients:          Erron Hayes
       Date of Accident:     June 13, 2023
       Claim Number:         0460W886G

Monique,

    As you know, our law firm represents Erron Hayes in connection with injuries he sustained when he was ran off the road by an unknown driver who fled the scene of his collision.  The negligence of the unknown driver caused Erron's vehicle crashed into the right shoulder of the road, then crossed traffic and crashed into a tree.  The police report also shows that Erron was not at fault for this crash as the entire incident was verified by a witness.  As such, we make this claim now under Erron's uninsured motorist coverage.

    As a result of this crash Erron suffered severe injuries to his neck, shoulder, and upper extremities that required 4 different surgical procedures including a repair of his AC joint of his left shoulder, carpal and cubital tunnel repair, and steroid injections in his cervical spine.

    As a result of your this crash, Erron had to undergo sustaining painful injuries and a painful treatment regimen.  Erron still suffers from pain that he did not have before the collision. As a result the other driver's negligent operation of their motor vehicle Erron incurred $55,706.51 in medical expenses and had to undergo 4 surgical procedures. Throughout this process and today, Erron still has pain that he must deal with on a daily basis due to the collision that was no fault of his own.  We are demanding the policy limits in this matter.

    I look forward to your earliest response.

Sincerely,

Nader G. Afsordeh
Attorney at Law

<div style="border:1px solid">Exhibit<br>C</div>

**Peter Miller** *Attorney at Law*  **Jessica Virden Mallett** *Attorney at Law*
**Paige Edgin** *Attorney at Law*  **Nader Afsordeh** *Attorney at Law*  **Edward Zellmer** *Attorney at Law*
**Elijah Virden** *Attorney at Law*  **Kerrigan Cook** *Attorney at Law*

# UNIFORM COVER PAGE
## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**ERRON HAYES**                                                                     **PLAINTIFF**

**v.**                                    **CASE NO:** _____

**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY**                                              **DEFENDANT**

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):            Exhibit D – Denial Letter

★Administrative Order No 2.
    (g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).
    (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

 **Allstate.**

*Allstate Property and Casualty Insurance Company*
*PO Box 660636,*
*Dallas, TX 75266*

SP 01

Page **1** of 1
Information as of June 16, 2025

LAW OFFICES OF MILLER & MALLETT
1601 BROADWAY ST
LITTLE ROCK, AR 72206-1218

**Claim number:** 0717497423
**Date of loss:** June 13, 2023
**Insured:**
Terra Hayes

**Your Client(s):**
Erron Hayes
**Dedicated claim contact:**
Justin Howell
**Direct phone:**
615-884-6551

**Visit us anytime at** MyClaim.com

 **Go Paperless! Scan or visit**
**Allstate.com/PaperlessNow**

Hello Law Offices Of Miller & Mallett ,

This is in response to your May 19,2025 demand letter. Based on the information in the police report, Mr. Hayes lost control of his vehicle after slamming on his brakes. There was no direct physical contact with the other unknown vehicle. For UM to apply, direct physical contact with the unknown vehicle is required. Since there was no direct physical contact, UM does not apply.

If you have any other information to provide or have any questions regarding the claim, please let us know.

We're here to help. If you need additional information, please visit MyClaim.com or contact us.

## State-specific communications:

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

GENI001

Exhibit
D

